866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin Wayne MURRAY, Petitioner-Appellant,
v.
Terrie CHAVIS, Warden, Maryland House of Correction,
Attorney General of the State of Maryland,
Respondents-Appellees.
 No. 88-6778.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1988.
Decided: Jan. 30, 1989.
 
 Melvin Wayne Murray, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Valerie Johnston Smith, Office of the Attorney General, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin Wayne Murray appeals from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record discloses that this appeal is without merit and, accordingly, we affirm the judgment of the district court. With regard to the petitioner's claim that the verdicts were inconsistent such as would amount to a denial of due process, we adopt the reasoning of the district court. Murray v. Chavis, C/A No. 88-1236-JH (D.Md. July 27, 1988). However, with regard to the claim that the evidence was insufficient to sustain the conviction for assault and battery, we note that the district court should have relied on the state procedural default cited by the respondents in their answer to the petition. See Md.Rule 4-324(a); Smith v. Murray, 477 U.S. 527, 533 (1986); Davis v. Allsbrooks, 778 F.2d 168, 175 (4th Cir.1985). Murray failed to show cause for the procedural default and the record does not reveal "a constitutional violation [that] probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986). We note further that, in addressing the merits of the petition, the district court has convinced us that Murray cannot demonstrate the necessary prejudice to excuse the default. See Murray v. Carrier, supra; Wainwright v. Sykes, 433 U.S. 72, 87 (1977).
 
 
 2
 AFFIRMED.